UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KWAME K. HOLMAN, MARILYN M. WHITE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 24-cv-2311 (JMC) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kwame Holman and Marilyn White brought suit against Defendant First American Title Insurance Company for breach of contract and negligence arising out of First American's conduct in discovering and curing a title defect on Plaintiffs' property. Defendants now move to dismiss the negligence count, ECF 12, and Plaintiffs have moved for summary judgment on the same count, ECF 11.

The Court holds that Plaintiffs do not state a viable claim for negligence. Their complaint does not plausibly allege that First American owed the Plaintiffs any duty of care outside of its contractual obligations. The Court will accordingly **GRANT** First American's partial motion to dismiss Plaintiffs' negligence count for failure to state a claim. Plaintiffs' partial motion for summary judgment on the same claim is **DENIED** as moot.[1]

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

I.  **BACKGROUND**[2]

In 1999, Plaintiff Kwame Holman purchased a title insurance policy from First American for a property in Southeast Washington, D.C., of which he was the sole owner. ECF 9 ¶ 4. The policy insured Holman against loss or damage sustained by, among other reasons, "[t]itle to the [property] . . . being vested" in anyone other than the policyholder, "[a]ny defect . . . in the title," or "[u]nmarketability of the title." *Id.* ¶ 4; *see also* ECF 9-1 at 1 (policy attached to complaint as exhibit). When Holman subsequently married Marilyn White, her name was added to the property as co-owner. ECF 9 ¶ 6.

Sometime later, Holman and White decided to sell the property. *Id.* They entered a contract for sale with two buyers, with the closing scheduled for September 10, 2021. *Id.* However, problems arose. The closing was put on hold after First American discovered a defect in the title of the property, in the form of a potential outstanding interest of a prior owner who had passed away in 1986. *Id.* ¶ 7. Plaintiffs then filed a claim with First American, which acknowledged that the issue was covered by the insurance policy and hired an attorney to resolve the missing interest. *Id.* ¶ 8. At the same time, First American told Plaintiffs that process would potentially be time consuming, and the cost might exceed Plaintiffs' policy limit of $169,000. *Id.* ¶ 9. First American was right about the timing—it took the company's attorney more than two years to resolve the defect. *Id.* ¶ 10. As the process dragged on and Plaintiffs' monthly costs for the property continued to mount, Plaintiffs hired their own law firm with hopes to expedite the resolution of the title issue. *Id.* ¶¶ 10–11. Plaintiffs' attorney was unable to resolve the title defect. *Id.* ¶ 11.

---

[2] The Court draws the facts from Plaintiffs' amended complaint, ECF 9, as it must when resolving a motion to dismiss. *See, e.g.*, *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012).

The defect was eventually resolved in August 2023 when First American's attorney negotiated the transfer of the missing interest from the former owner's estate to the Plaintiffs for $15,000. *Id.* ¶ 15. The updated deed was recorded on September 15, 2023. *Id.* At that point, the original buyers of the house sought to complete the purchase at the sale price agreed on with Plaintiffs in September 2021. *Id.* ¶ 16. But the value of the property had increased during the time it took to cure the title defect, and Plaintiffs were eager to sell at a higher price. *Id.* ¶ 17. They hired an attorney who negotiated an agreement with the buyers to terminate the contract in exchange for paying back $45,000 of the buyers' $50,000 deposit. *Id.* ¶ 19. Plaintiffs then turned to First American and requested that it pay the $45,000 settlement on their behalf under the terms of their insurance policy. *Id.* ¶ 21. First American refused. *Id.* It cited the liability clause of Plaintiffs' policy, which states that if First American cures a defect "in a reasonably diligent manner" it is not "liable for any loss or damage caused thereby." *Id.* Plaintiffs ultimately paid the $45,000 out of their own pockets, plus their attorney's fees. *Id.* ¶¶ 22–23.

Plaintiffs subsequently initiated this action in the Superior Court of the District of Columbia. ECF 1 ¶ 1. On August 7, 2024, First American removed the case to this Court on the grounds of diversity jurisdiction. *Id.* ¶ 8. Count One of Plaintiffs' Amended Complaint alleges that First American breached the terms of Plaintiffs' insurance policy by failing to discover a defect in the Plaintiffs' title and cure that defect in a timely manner. ECF 9 ¶ 30. Count Two is a negligence claim. Plaintiffs claim that First American owed Plaintiffs a duty to discover and remedy any title defects and negligently breached that duty. *Id.* ¶ 32. Plaintiffs allege that as a direct result of First American's negligence, they were deprived of the opportunity to sell their house at an earlier date and sustained damages they would not have incurred otherwise had the sale concluded. *Id.* ¶ 32. Before First American responded to the amended complaint, Plaintiffs also moved for partial

3

summary judgment on only the negligence count. *See generally* ECF 11. First American then moved to dismiss the negligence count for failure to state a claim. ECF 12. First American contends that it owed no duty to Plaintiffs independent of its contractual obligations, and thus any claim based on First American's alleged failure to reasonably and diligently discover and cure the title defect can only be brought as a contract claim. ECF 12-1 at 4–5. First American also opposes Plaintiffs' motion for summary judgment on the negligence count. ECF 13.

## II.     LEGAL STANDARD

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he Court need not accept inferences drawn by [a] plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III.    ANALYSIS

Plaintiffs allege that First American was negligent in discovering and curing their title defect in a reasonable and timely manner. ECF 9 ¶ 32. "A federal court sitting in diversity must apply the substantive law of the jurisdiction in which it sits." *Metz v. BAE Sys. Tech. Sols. & Servs.*

4

*Inc.*, 774 F.3d 18, 21 (D.C. Cir. 2014).[3] To state a negligence claim under District of Columbia law, a plaintiff must allege that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused damage to the interests of the plaintiff. *Sigmund v. Starwood Urb. Retail VI, LLC*, 617 F.3d 512, 514 (D.C. Cir. 2010) (citing *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 642 n.3 (D.C. 2005) (en banc)). The plaintiff "must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability." *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982). "The question of whether a duty exists is a legal one capable of resolution at" the motion to dismiss stage. *Bibum v. Wilson*, No. 23-cv-1587, 2024 WL 1328416, at *2 (D.D.C. Mar. 28, 2024) (citing *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 811 (D.C. 2011)).

Plaintiffs' negligence claim fails at the first prong because their complaint does not plausibly allege that First American owed them any duty of care outside of its contractual obligations. First American's policy provided Plaintiffs with coverage for "[a]ny defect in or lien or encumbrance on the title." ECF 9 ¶ 4. Further, the limitation of liability clause provided that if First American resolves a defect "in a reasonably diligent manner by any method" it will not be liable for any loss or damage caused by the defect. *Id.* ¶ 21. In the District of Columbia, "[t]he failure to perform a contractual obligation typically does not give rise to a cause of action in tort." *Jones v. Hartford Life & Accident Ins.*, 443 F. Supp. 2d 3, 5 (D.D.C. 2006). For a plaintiff to plausibly state a tort claim for conduct that is also a breach of contract, "the tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship." *Attias v. CareFirst, Inc.*, 365 F. Supp. 3d 1, 18 (D.D.C. 2019) (quoting *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089

---

[3] The Parties do not dispute that District of Columbia law applies to Plaintiffs' claims.

(D.C. 2008)). This rule applies with full force to allegations of negligence arising out of the handling of insurance claims. "The fact . . . that an insured alleges that the insurance company was negligent in the handling of a claim does not mean that there is a separate cause of action sounding in tort for negligence, but rather that the insured may recover damages . . . under a breach of contract theory." *Choharis*, 961 A.2d at 1089 n.12; *cf. Fogg v. Fidelity Nat. Title Ins. Co.*, 89 A.3d 510, 513–14 (D.C. 2014) (holding, in the title insurance context, that "entering into a contractual relationship with the insured" does not "create[] a fiduciary duty beyond the terms of the title insurance policy").

The duties that First American is alleged to have negligently breached are ones that arise only from the insurance contract. In their negligence count, Plaintiffs allege that First American owed them a duty to "conduct a professional title search of their property, [and] to discover any defects in it, if any, that would render their title unmarketable." ECF 9 ¶ 32. They also claim First American owed them a duty to cure those defects in "a reasonabl[e], diligent, and timely[] manner." *Id.* Their breach of contract claim is nearly identical: Plaintiffs allege that First American "fail[ed] to discover[] the defect in the Plaintiffs' title" and "failed to cure Plaintiffs' title defect[] in a timely manner." *Id.* ¶ 30. Both the contract and negligence claims are premised on the same alleged obligations of First American to discover and resolve any title defects. "The plain text of th[ese] allegation[s]—that there is a duty pursuant to the insurer-insured relationship—is a dead giveaway that the claim arises from the insurance contract." *HRH Servs., LLC v. Travelers Indem. Co.*, No. 23-cv-2300, 2024 WL 5246521, at *6 (D.D.C. Dec. 30, 2024) (citing *Choharis*, 961 A.2d at 1089). Plaintiffs use the same "allegation[s] to support both [their] tort and contract claims, which further illustrates the interdependency of the claims." *Id.* Plaintiffs' tort claims thus amount to an allegation that First American negligently breached the terms of their contract. But again,

6

"the mere negligent breach of a contract . . . is not enough to sustain an action sounding in tort." *Hunter ex rel. A.H. v. District of Columbia*, 64 F. Supp. 3d 158, 186 n.18 (D.D.C. 2014); *Jones v. NVR Incorporation*, No. 20-cv-453, 2020 WL 2064085, at *6 (D.D.C. Apr. 29, 2020) (granting motion to dismiss negligence claim where plaintiff did not allege a legal duty independent of the contractual duty to "build a structurally safe and sound home").

Plaintiffs do not point to any independent act of negligence by First American in their opposition. *See Choharis*, 961 A.2d at 1089 (requiring that the injury to the plaintiff be "an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit"). Plaintiffs assert that First American's conduct was "an independent act of negligence" but provide no basis to conclude that First American breached a duty that is separate and distinct from its contractual obligations. ECF 14 ¶¶ 5–6. The Court is "not required . . . to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Plaintiffs' bare assertion that First American's duties were independent from the contract, without providing any allegations to support that conclusion, is not sufficient to meet the pleading standard necessary to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Nor do Plaintiffs cite to any caselaw supporting their assertion that First American owed it some duty outside of the Parties' contractual relationship.

The Court will thus grant First American's 12(b)(6) motion and dismiss Plaintiffs' negligence claim. Because this claim is no longer before the Court, Plaintiffs' partial motion for summary judgment on that same claim must be denied as moot. *See, e.g.*, *Carty v. CVS Pharmacy, LLC*, 264 F. Supp. 3d 190, 198 n.8 (D.D.C. 2017) (denying plaintiff's motion for summary judgment as moot when it regarded a claim that was "no longer . . . before the court").

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** that Defendant's partial motion to dismiss for failure to state a claim, ECF 12, is **GRANTED**, and Plaintiffs' partial motion for summary judgment, ECF 11, is **DENIED** as moot. It is further **ORDERED** that Plaintiffs' negligence claim is dismissed with prejudice.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: December 3, 2025